Mr. John Selig, Director Arkansas Department of Human Services Post Office Box 1347, Slot S-201 Little Rock, Arkansas 72203-1437
Dear Mr. Selig:
I am writing in response to your request for an opinion on the following:
Who has the duty and authority to evaluate the performance of the Division of State Services for the Blind Director?
You have included a substantial amount of information detailing the organization of the Department of Human Services ("The Department"), the Division of State Services for the Blind ("The Division"), and the Board of the Division of State Services for the Blind ("The Board"). Additionally, you have provided an overview of the federal compliance requirements placed on the Division as the "sole state agency" administering certain programs funded, in part or in whole, by the federal government. You inquire as to which entity has the authority to evaluate the Division of State Services for the Blind Director ("Commissioner")[1]: The Board, the Director of the Department of Human Services ("The Director"), or both in conjunction.
You contend that it would be proper for the Board and the Director to jointly evaluate the Commissioner because of the Department's organizational structure and administrative functions. To support this contention, you note that the Division is only one of several divisions that make up the Department, that the Director has supervisory authority over all Department employees and divisions, and that the Commissioner is a Department employee as a "deputy director" and is paid through the Department's appropriations. Additionally, you have provided information concerning the practical oversight and administrative services the Department provides to the Division. The Director is in charge of overall budgeting for the entire Department, including "advocating for appropriation of vocational rehabilitation funds to [the Division]" as you describe in the material attached to your request. See A.C.A. §25-10-111 (Repl. 2002). You also note that the Department provides financial accounting and management functions for the Division. The Department's personnel administration functions offer administrative support for the Division in the Division's hiring and firing decisions through advertising positions, records storage, and employee grievance procedures. You thus emphasize the nature of the Division as a component in the organizational structure of the larger Department.
RESPONSE
In my opinion, the Chair of the Board has the duty and authority to evaluate the performance of the Commissioner of the Division of State Services for the Blind.
As clarified in your attached material, this request is rooted in the statutorily required annual evaluation of state agency employees. See A.C.A. §§ 21-5-1001 through -1003 (Repl. 2004 Supp. 2007). Section21-5-1003 requires that "each agency, board, commission, or institution of higher education shall revise or develop an evaluation process suited to the mission of the agency, board, commission or institution. . . ." Id. at (a) (emphasis added). Each evaluation process must comply with the guidelines promulgated by the Department of Finance Administration Office of Personnel Management ("OPM"). Id. at (a)(3). You specifically note that the "merit increase pay system" statute prohibits merit payments for "[m]anagement or supervisory personnel who fail to complete annual evaluations of employees under their administrative control. . . ." A.C.A. § 21-5-1101(g) (Supp. 2007); see also OPM Policies 
Procedures § 230.12.0. The statute does not, however, define "management" or "supervisory personnel." See A.C.A. § 21-5-1101; cf. OPM Policies Procedures § 230.12.0 (requiring management or supervisory personnel to evaluate employees for the merit increase pay plan without defining "management" or "supervisory personnel" either explicitly or by reference).
The performance evaluation required by A.C.A. §§ 21-5-1001 through -1003 is now linked with the "merit increase pay system" in A.C.A. §§21-5-1101. The Office of Personnel Management has promulgated three performance evaluation forms to implement the merit increase pay system. Arkansas Department of Finance Administration, Office of Personnel Management, Performance Evaluation Guidelines, available at http://www.state.ar.us/dfa/personnel_mgmt/ documents/performance_evaluation_guidelines_fy2007-2009.doc (last visited April 23, 2008). OPM classifies "Director" and "Deputy Director" positions as "Executive" Positions. Id. These provisions are potentially relevant because you characterize the Commissioner as a "Director or Deputy Director." The instructions for the "Executive" position evaluation form state: "[t]he rating official is either the Governor of the State of Arkansas or the agency/board/commission director." It also states that "when evaluating the performance of a deputy director, the agency rating official is the "agency/board/commission director." Id. It is my understanding that OPM interprets these provisions to mean that a "director" will be evaluated by either the Governor or the "agency/board/commission chairman," while a "deputy director" is evaluated by the "agency/board/commission director." Memorandum from Kay Barnhill, Office of Personnel Management Administrator, to All State Agency Directors, Personnel Contacts, Boards, Commissioners, and Presidents/Chancellors of State Supported Institutions of Higher Education on Performance Evaluations (Jul. 13, 2007) (on file with author).
It is unclear how these provisions apply to the Commissioner of the Division of State Services for the Blind. As noted above, he is designated by State law as a "Commissioner" rather than a "Director," although he or she is commonly referred to as the "Director." Additionally, although you state that the Commissioner is a DHS "Deputy Director," the only authority cited for this proposition is the DHS appropriation act (Act 1225 of 2007), which appropriates funds to pay a "DHS DEP DIR-SVCS FOR THE BLIND." There is some doubt as to whether that designation is controlling in this context.
If the Commissioner is treated as a "Director," there are three possibilities under the Performance Evaluation Guidelines set out above as to the "rating official:" the Governor; the Director of the Department of Human Services as director of the agency; or the Chair of the Board of the Division of State Services for the Blind. If the Commissioner is treated as a "deputy director," the "rating official" would be the Director of the Department of Human Services as director of the agency. The language of A.C.A. § 21-5-1101(g) and OPM Policies 
Procedures § 230.12.0 imply that the "rating official" will be a supervisor or manager who has "administrative control" over the employee being rated. There is, however, no definition of "supervisor" or "manager" to determine the "rating official's" identity.
To discern the Commissioner's proper rating official, therefore, it is necessary to set out the statutory organization of the Department and the specific statutes addressing the Division in order to determine who exercises supervisory or managerial control over the Commissioner. The general provisions establishing the Department's authority are set forth in A.C.A. §§ 25-10-101 through -139 (Repl. 2002 Supp. 2007). In pertinent part, A.C.A. § 25-10-102 states:
(b) The [Department of Human Services] shall consist of and be operated under an integrated service system consisting of the following divisions with responsibilities and programs assigned to them as determined by the director:
* * *
(9) A Division of State Services for the Blind;
* * *
(c)(1)(A) Each division of the department shall be under the direction, control, and supervision of the [Director of the Department of Human Services].
(B) From time to time, the director may transfer or assign existing duties or new programs or duties of the department to offices, sections, or units as he or she deems necessary for the efficient and necessary operation of the department.
(C) Prior to implementation of any reorganization, the director shall obtain the advice of the House Interim Committee on State Agencies and Governmental Affairs and the Senate Interim Committee on State Agencies and Governmental Affairs.
(2)(A) However, the state institutions and the operation of state institutional programs under the jurisdiction of the Board of Developmental Disabilities Services and the Department State Institutional System Board, as provided by law, shall be under the control of their respective boards.
(B) The boards shall perform their respective functions and duties under the general guidelines and standards promulgated by the director.
(3) The Division of State Services for the Blind and the Board of the Division of State Services for the Blind shall continue to function within the department with the powers prescribed in § 25-10-201 et seq.
(Emphasis added). The Director is also charged with the general authority over all division heads and subordinate personnel. A.C.A. § 25-10-106 (Repl. 2002). Specifically, the code provides:
(a)(1) The Director of the Department of Human Services, with the advice and consent of the Governor, shall appoint the heads of the various divisions of the Department of Human Services.
(2) The heads of the respective offices, sections, or units of the department and all other personnel of the department shall be employed by and serve at the pleasure of the Director of the Department of Human Services.
(b)(1) However, the directors of the various institutions and programs under the jurisdiction and control of the Department of Human Services State Institutional System Board and the Board of Developmental Disabilities Services within the Department of Human Services shall be named by the respective boards, with the concurrence of the Director of the Department of Human Services.
* * *
Id.
In addition, the General Assembly has acknowledged the pervasive nature of federal compliance requirements for programs wholly or partially funded by the federal government and administered by the Department or its divisions. Specifically, A.C.A. § 25-10-129 provides:
(a)(1) It is the intent of the General Assembly that the State of Arkansas utilize federal funding to the fullest extent possible to provide care to persons eligible for assistance or benefits under programs wholly or partially federally funded or fundable.
(2) The General Assembly recognizes that the Department of Human Services is presently charged with, among other things, all welfare activity in the state, including:
(A) Services to children and to the aged, blind, and disabled;
* * *
(3) The General Assembly further recognizes that federal laws and regulations affecting such programs are the supreme law of the land and change frequently, sometimes with little or no advance notice to the state, such that it is impractical to prescribe the operations of such programs by statute.
(4) It is therefore the intent of the General Assembly to clarify and consolidate the authority of the department to assure conformity with all applicable federal dictates by empowering the department and its divisions to, by rule, adopt or implement all federal statutes, rules, and regulations as may be currently in force, or as may be adopted or amended in the future, when such rule is necessary to conform to federal statutes, rules, and regulations affecting programs administered or funded by or through the department.
(b) The department and its various divisions are hereby authorized and directed to promulgate rules, as necessary to conform to federal statutes, rules, and regulations as may now or in the future affect programs administered or funded by or through the department or its various divisions, as necessary to receive any federal funds which may now or in the future be available to the department or its various divisions.
(Emphasis added). These statutes, therefore, give the Department and its Director certain broad control over agency functions.
The Division and the Board, however, have powers and authority prescribed in a separate statutory subchapter, A.C.A. §§ 25-10-201
through -209 (Repl. 2002 Supp. 2007). The Division and the Board specifically retain this authority under A.C.A. § 25-10-102(c)(3). As discussed below, the Board sets the policy for the Division and has the authority to hire and fire the Commissioner and other employees. Additionally, the Division has a specific statutory mandate. The Board and Commissioner have a significant amount of independence from the Director and the Department.
The Division's general authority is defined in pertinent part as follows:
(a)(1) The Division of State Services for the Blind within the Department of Human Services is designated as the agency of the State of Arkansas primarily responsible for carrying out state and federal programs for rehabilitative social services or business enterprises for blind and visually handicapped citizens of the state, including, but not limited to, those programs and services established pursuant to the Rehabilitation Act of 1973, as amended, Pub.L. 93-112, and any subsequent legislation to Pub.L. 93-112. The division, as the designated agency, shall receive the full, complete, effective, and timely cooperation of any and all other agencies, organizations, or offices receiving financial support by or through the State of Arkansas, either directly or indirectly, and in any amount.
(2) The division shall be responsible for the administration of all functions and programs relating or pertaining to rehabilitation and social services, and business enterprise services for the blind, including the organized vending facility program as now established, for which the division shall serve as the licensing agency for the blind.
(b) The division is designated as the unit of the state government of Arkansas primarily responsible for assuring that citizens with disabling visual impairments shall receive the full benefit of services for which federal grants-in-aid assistance in any form, under any title, and from any source shall be available from time to time to accomplish the purposes of this subchapter.
(c) The division is authorized to enter into such contracts with the federal government, to submit such plans to the federal government, and to adopt such methods of administration as the federal government may require in order to assure maximum federal financial involvement in those services and functions which the division is authorized to administer directly.
A.C.A. § 25-10-204 (Repl. 2002) (emphasis added).[2]
Unlike most of the other subordinate divisions listed in A.C.A. §25-10-102(b)[3], the Board is specifically authorized to employ a Commissioner to administer and execute the Division's policies. The Board is also authorized to hire other employees for the Division. Section 25-10-205(h) (Repl. 2002) states in pertinent part:
The board shall employ a commissioner, subject to the approval of the Governor, qualified by experience to administer and implement the policies and directives of the board. The board may employ or appoint any additional personnel necessary to carry out the functions, duties, and responsibilities entrusted to the division in accordance with the requirements of law and within the limits of available appropriations.
(Emphasis added). Finally, when reorganizing the modern incarnation of the Department, the General Assembly set the Division apart by stating that:
The Division of State Services for the Blind and the Board of State Services for the Blind, as established by Act 481 of 1983 . . . shall continue to function within the Department of Human Services, and shall possess the same powers, functions, and duties as provided in the aforementioned Act 481 of 1983, but, for organizational purposes only, shall be assigned to such divisions or offices within the Department of Human Services as may be determined by the Director.
Act 348 of 1985, § 1(c)(1) (emphasis added).
The various statutory provisions above thus reflect at least some overlap of authority as to supervision of the Commission. The Division is one of the enumerated divisions of the Department pursuant to A.C.A. § 25-10-102(b). The divisions of the Department operate pursuant to the Director's oversight. The Director holds final authority over the implementation and execution of policies and programs. A.C.A. §25-10-102(c)(1)(A). Specifically, the Director is granted the "direction, control, and supervision" of all the component divisions of the Department. Id. Additionally, the practical management and functioning of the Division appear dependent on the administrative support and the organizational structure of the Department. However, the Division expressly retains all powers specifically granted in A.C.A. §§ 25-10-201 through -209 under A.C.A. § 25-10-102(c)(3). The General Assembly placed the Division within the Department for "organizational purposes only." The Division is specifically tasked with "carrying out state and federal programs for rehabilitative social services or business enterprises for blind and visually handicapped citizens of the state. . . ." A.C.A. § 25-10-204(a)(1). The Division and the Board possess authority and power distinct from the Department's.
There is further tension between A.C.A. § 25-10-107 and A.C.A. §25-10-204. The former statute states that the Director shall employ the deputy directors of all the divisions and that the employees of each division will serve at the pleasure of the Director. A.C.A. §25-10-106(a). In contrast, the latter statute specifically states that the Board "shall employ a commissioner," with approval of the Governor, and all other personnel as needed and available through appropriations to administer and execute the services under its control. A.C.A. §25-10-204(h).
Of additional importance in this regard is the General Assembly's strong policy statement to ensure compliance with federal requirements. Section 25-10-129 demonstrates the importance of federal compliance for programs administered by the Department and any of its divisions. While I will not undertake a comprehensive review of the federal requirements for compliance, I will note that the Department must make all efforts to ensure federal compliance and the full receipt of funds for projects partially or wholly supported by the federal government.[4] As mentioned in the material attached to your request, federal reviewers have "taken issue" with certain Department administrative and personnel directives that potentially interfered with the Commissioner's authority over the Division employees.
All of the factors discussed above lead me to question whether the Director could act as the Commissioner's "rating official." The Director appears to lack "administrative control" over the Commissioner. The phrase "administrative control" is not defined in A.C.A. §§ 21-5-1001
through -1003, nor is it defined in this context by case law. While the Director maintains supervisory control over most component divisions of the Department, the Division specifically retains its distinct power and authority. The Division possesses "the necessary authority to administer the services and programs for the blind and visually impaired" granted in a broad declaration of policy by the General Assembly. See A.C.A. § 25-10-201(b) (Repl. 2002). In addition, the Board clearly has the power to hire the Commissioner independent of the Director of DHS.
In my opinion, the particular level of independence granted to the Board and the Division set forth above convince me that the Commissioner is properly considered a "Director" for the purposes of the required annual performance evaluations. As noted above, the Director of DHS appears to lack sufficient oversight or administrative control to act as the Commissioner's "rating official." While the Governor does hold the final executive authority of the State, the Commissioner is charged with executing the policy for the Board. Based on the Division's significant independence from the Department, the Board's authority to hire and fire the Commissioner, and the Commissioner's duty to implement the policies of the Board, in my opinion, the Chair of the Board of State Services for the Blind is the appropriate official to evaluate the Commissioner of the Division of State Services for the Blind pursuant to OPM's practice and interpretation.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] In your request, you refer to this individual as the "Director of the Division" and as filling a "deputy director" position within the Department. It is my understanding that the Division refers to this official as the "Director" as well. As discussed more fully below, A.C.A. § 25-10-205(h) (Repl. 2002) authorizes the Board to hire, with approval of the Governor, a "commissioner" of the Division of State Services for the Blind. To minimize confusion between your title as Director of the Department of Human Services, the position of "deputy director," and the Director of the Division, I will refer to the Director of the Division of State Services for the Blind Director as the "Commissioner."
[2] The Rehabilitation Act of 1973 as amended is codified at29 U.S.C.A. §§ 701 through -96l (Repl. 1999 Supp. 2006).
[3] The Division of Developmental Disabilities Services and the State Institutional Board also receive separate treatment in A.C.A. §25-10-102(c)(2). State statutes indicate that Amendment 33 to the Arkansas Constitution compels this autonomy and independence. See A.C.A. § 25-10-111(c)(1) (Repl. 2002).
[4] The general federal regulations that govern compliance with the Rehabilitation Act, as amended, may be found at 34 C.F.R. §§ 361.1
through -361.89. The exact structure of the Board and Division in relation to the federal requirements must be analyzed for a definitive answer, but generally the regulations require a certain level of independence in a state's "independent commission" or "rehabilitation council." *Page 1